UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**NEAL S. SMALBACH,**

    Plaintiff,

v.                                                      Case No: 5:15-cv-350-Oc-CEMPRL

**MICK AND ASSOCIATES, PC, LLO,
BRYAN S. MICK and BRADFORD A.
UPDIKE**

    Defendants.

## ORDER

This case, in which Plaintiff brings fraud claims arising from an alleged "Ponzi" scheme, is before the Court for consideration of Plaintiff's Motion to Compel Disclosure of Defendants' Mandatory Initial Disclosures (Doc. 40), to which Defendants have responded. (Doc. 41).

Plaintiff moves to compel copies of documents identified in Defendants' November 19, 2015 initial disclosure. Specifically, Plaintiff moves to compel the following categories of documents, which represent the entire list of documents identified by Defendants in their disclosure: (1) Provident Royalties, LLC prospectus/PPM; (2) Letter, electronic communications, regarding the subject investments; (3) Supervisory Procedure Manual of GunnAllen Financial; (4) Supervisory Procedure Manual of Capital Markets Committee; (5) Third Party Due Diligence Reports or Legal opinions; (6) Disclosure forms; (7) Purchase Agreements; (8) Documents relating to Payments from Provident to Mick and Associates; and (9) Affidavit of Donald J. Gunn, Jr. (Doc. 40, ¶ 4 & Doc. 41, p. 7).

Through counsel, Plaintiff requested copies of these documents via e-mail on December 8, 2015, and made numerous additional requests on December 16, 2015, January 5, 2016, and September 8, 2016, as well as inquiries regarding the status of the documents on December 29, 2015, February 20, 2016, and September 15, 2016, as well as inquiries by telephone. (Doc. 40-1). Plaintiff contends that Defendants' counsel has not raised a justification for failing to disclose the requested documents, but has simply delayed production without good cause. In response, Defendants argue that "there is nothing to compel" because they have already complied with Fed. R. Civ. P. 26(a)(1)(A)(ii) by providing a description of the documents.

Defendants fail to acknowledge Plaintiff's numerous e-mail requests to produce copies of the documents. There is no prohibition on sending requests for production of documents under Rule 34 via e-mail, as Plaintiff did here. The Federal Rules, however, do contemplate certain formalities, including that every discovery request "must be signed by at least one attorney of record in the attorney's own name – or by the party personally, if unrepresented – and must state the signer's address, e-mail address, and telephone number. Fed. R. Civ. P. 26(g)(1). Although the e-mail correspondence from Plaintiff's counsel to Defendants' counsel plainly requests the subject documents, all e-mails prior to the September 15, 2016 inquiry fail to comply with these formalities. (Doc. 40-1). Plaintiff's e-mail dated September 15, 2016, however, does contain the required formalities, including counsel's electronic signature, address, e-mail address, and telephone number as required by Fed. R. Civ. P. 26(g)(1). Indeed, the e-mail dated September 15, 2016 can be reasonably construed to constitute a request for production of the subject documents, as it clearly references Plaintiff's prior requests. Accordingly, pursuant to Fed. R. Civ. P. 34(b)(2)(A), Defendants were required to respond in writing within 30 days. Whether

they did so is presently unclear from the pleadings, as Defendants' response was filed October 4, 2016, before that deadline.  (Doc. 41).

Upon consideration, the undersigned is disinclined to grant Plaintiff's motion to compel and sanctions for Defendants' failure to reply to the <u>prior</u> requests which lack the necessary formalities under the rules.  That said, there can be no question that Plaintiff is entitled to copies of these documents that have been identified by Defendants in their initial disclosures, and that Plaintiff has made repeated good faith attempts to request the documents.  Further, based upon a review of Plaintiff's motion and Defendants' response, as well as the parties' e-mail correspondence, it appears that this discovery dispute could have been easily and swiftly resolved if counsel had complied with both the letter and spirit of Local Rule 3.01(g).

Accordingly, upon due consideration, Plaintiffs' motion to compel disclosure of Defendants' mandatory initial discovery (Doc. 40) is **GRANTED** in part, and Defendants are directed to provide Plaintiff with copies of the documents described in their initial disclosure.  For the reasons stated above, however, including the lack of compliance with the requirements of Fed. R. Civ. P. 26(g)(1) in Plaintiff's requests prior to September 15, 2016, Plaintiff's request for sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(A)(iii) is **DENIED**.  The parties are advised that, if necessary, the Court will schedule an in-person hearing to address any remaining discovery dispute that may arise in this case.

**DONE** and **ORDERED** in Ocala, Florida on October 26, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

- 4 -

Counsel of Record
Unrepresented Parties